IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CRIMINAL NO. 4:17-CR-123-ALM-KPJ-2 |
| TERESA NICOLE MARTINEZ (2) | § § § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on July 8, 2024, to determine whether Defendant violated her supervised release. Defendant was represented by Federal Public Defender Michelle Allen-McCoy. The Government was represented by Assistant United States Attorney Wes Wynne.

On April 30, 2018, United States District Judge Amos L. Mazzant, III sentenced Defendant to a term of sixty (60) months imprisonment followed by four (4) years of supervised release. *See* Dkt. 174 at 1. On November 18, 2020, Defendant completed her term of imprisonment and began serving the term of supervision. *See id.*

On June 10, 2024, the U.S. Probation Officer filed the Petition for Warrant or Summons for Offender Under Supervision (the "Petition") (Dkt. 174), alleging Defendant violated three conditions of supervised release. *See id.* at 1–2. The Petition asserts Defendant violated the following conditions of supervision: (1) Defendant must refrain from any unlawful use of a controlled substance; (2) Defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged; and (3) Defendant must work full time at a lawful type of employment. If Defendant does not have full-

time employment, Defendant must try to find full-time employment. If Defendant plans to change where she works or anything about her work, she must notify the probation officer at least ten (10) days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within seventy-two (72) hours of becoming aware of a change or expected change. *See id.*

The Petition asserts Defendant violated the foregoing conditions as follows:

(1)   On June 16, 2022, Defendant submitted a urine specimen during an office visit, which tested positive for marijuana. She admitted verbally and in writing to using marijuana on June 10, 2022.

On November 19, 2022, Defendant submitted a urine specimen during a home visit, which tested positive for marijuana. She verbally admitted to having eaten a marijuana edible two days prior to the visit due to stress.

On May 18, 2024, Defendant submitted a urine specimen during a home visit, which tested positive for marijuana. She adamantly denied the marijuana use and stated she last used marijuana six months ago. She then stated she used some topical cream she purchased from a corner store that had CBD in it. She agreed she knew she is not supposed to use CBD products. The specimen was sent to the national lab and was confirmed positive.

(2)   On July 7, 2023, Defendant failed to report for a drug test, at the U.S. Probation Office in Sherman, Texas, as directed by the U.S. Probation Officer.

(3)   On May 15, 2024, the U.S. Probation Office contacted Defendant, via text message, inquiring if there were any changes regarding her supervision. She notified the U.S. Probation Office she is no longer employed. She had not previously provided this information. Additionally, she did not reflect any changes on her electronic monthly report. Thus, failing to advise the probation of her employment status in a timely manner.

On July 8, 2024, the Court conducted a final revocation hearing on the Petition. *See* Minute Entry for July 8, 2024. Defendant entered a plea of true to allegation one, consented to revocation of her supervised release, and waived her right to object to the proposed findings and recommendations of the undersigned. *See id.*; Dkt 185. The Government moved to withdraw allegations two and three, which the Court granted. *See* Minute Entry for July 8, 2024. The Court

finds Defendant violated the terms of her supervised release, and thus, her supervised release should be revoked.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the July 8, 2024 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of four (4) months, with no supervised release to follow.

**So ORDERED and SIGNED this 9th day of July, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE